IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 05-00231-CB |
| | ) | CIVIL ACTION NO. 11-00523-CB |
| ANTONIO DEMOND SMITH, | ) | |
| | ) | |
| Defendant/Petitioner | ) | |

## ORDER

This matter is before the Court on a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 filed by Antonio Demond Smith, a person in federal custody. (Doc. 228.) For reasons set forth below, the Court finds that the motion is due to be dismissed as a second or successive petition.

After being found guilty by a jury, Smith was sentenced in this case on June 12, 2006, and the Judgment of Conviction was entered on June 26, 2006. (Doc. 158.) His conviction was affirmed on appeal by order issued as mandate on May 2, 2008. (Doc. 202.) On September 9, 2011, Smith filed a motion to vacate under § 2255. The government moved to dismiss the motion as untimely. By order dated October 9, 2012, the Court granted the motion to dismiss and, alternatively, denied the motion to vacate on the merits. (Doc. 205.) Smith appealed, and the Eleventh Circuit denied his request for a certificate of appealability. (Doc. 224.)

A district court is without jurisdiction to consider a second or successive petition for relief under § 2255 unless the movant first obtains an order from the appellate court authorizing the district court to consider it. *Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003) (applying 28 U.S.C. § 2244(b)(3)(A)).

Therefore, the current motion is due to be and hereby is **DENIED** as a second or successive petition filed without authorization from the appellate court.

Rule 11 of the Federal Rules Governing Section 2255 Proceedings requires that the district court issue or deny a certificate of appealability when entering a final order on a § 2255 motion. When a court denies a motion "on procedural grounds without reaching the merits of any constitutional claims, . . . a petitioner will be granted a certificate of appealability only if [he] makes both a substantial showing that he had a valid claim of the denial of a constitutional right, and a substantial showing that the procedural ruling is wrong," *Jackson v. Crosby*, 437 F.3d 1290, 1295 (11th Cir. 2006) (internal citations and quotations omitted) (*citing Slack v. McDaniel*, 529 U.S. 473, 484 (2000) ). A "substantial showing means" that the issues—both substantive and procedural—are debatable among jurists of reason. *Id.* In this case, there is no need to consider the constitutional issue because no jurist of reason could find that this § 2255 motion was *not* a second or successive petition. Accordingly, the certificate of appealability is **DENIED**.

**DONE** and **ORDERED** this the 30th day of June, 2016.

*s/ Charles R. Butler, Jr.*
**Senior United States District Judge**