# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| ANTONIO DEMOND SMITH, | * |
| Petitioner, | * |
| vs. | * CRIMINAL NO. 05-00231-CG-B |
| UNITED STATES OF AMERICA, | * |
| Respondent. | * |

## REPORT AND RECOMMENDATION

This matter is before the Court on Petitioner Antonio Demond Smith's *pro se* "Motion to the Courts for Court Appointed Assistance" in relation to the Supreme Court's recent decision in Sessions v. Dimaya, 584 U.S.___, 138 S. Ct. 1204, 200 L. Ed. 2d 549 (2018). (Doc. 243). Based upon the nature of relief sought, the Court construes the motion, which has been referred to the undersigned Magistrate Judge for a report and recommendation pursuant to 28 U.S.C. § 636(b) and Rule 8 (b) of the Rules Governing Section 2255 cases, as a habeas petition. (Id.). The undersigned finds that the record is adequate to dispose of this matter; thus, no evidentiary hearing is required. Upon consideration, it is **RECOMMENDED** that Smith's petition be **DENIED** as successive and that the Court find that Smith is not entitled to a certificate of appealability or the option to appeal *in forma pauperis*.

### I. BACKGROUND

A jury found Smith guilty of committing, *inter alia*, the following offenses: two counts of conspiracy to commit carjacking, 18 U.S.C. § 371; two counts of carjacking, 18 U.S.C. § 2119; and two counts of using, carrying and discharging a firearm during and in relation to a crime of violence. (Doc. 158). After an unsuccessful direction appeal (doc. 202), Smith filed his first motion to vacate under § 2255. (Doc. 205). The Government moved to dismiss the motion as untimely, and in an order dated October 9, 2012 (doc. 215), the Court granted the Government's motion to dismiss the petition as untimely and, in the alternative, denied Smith's motion to vacate on the merits. (Id.). Smith appealed, and the Eleventh Circuit denied his request for a certificate of appealability. (Doc. 224). Undeterred, Smith filed a second motion to vacate under §2255, and in an order dated June 30, 2016, the Court dismissed the motion as a second or successive petition. (Doc. 231).

Although Smith has not styled his instant motion as a habeas petition under §2255, he is seeking yet again to collaterally challenge his sentence; thus, his motion is properly construed as a 2255 petition.[1]

---

[1] A petitioner cannot avoid the procedural restrictions on § 2255 motions by relabeling his petition. See Williams v. United States, 2018 WL 1414457, 2018 U.S. Dist. LEXIS 46399 (S.D. Ga. Mar. 21, 2018)(citing Antonelli v. Warden, U.S.P. Atlanta, 542 F.3d 1348, 1352 n.1 (11th Cir. 2008)).

2

## II. ANALYSIS

The Court observes that "[a] second or successive motion [to vacate] must be certified as provided in section 2244 by a panel of the appropriate court of appeals." 28 U.S.C. § 2255(h). A petitioner must seek and obtain this certification "[b]efore a second or successive application . . . is filed in the district court." 28 U.S.C. § 2244(b)(3)(A); see also Rule 9 of the Rules Governing § 2255 Habeas Cases ("Before presenting a second or successive motion, the moving party must obtain an order from the appropriate court of appeals authorizing the district court to consider the motion, as required by 28 U.S.C. § 2255, para. 8."). In the absence of permission from the court of appeals, the district court lacks jurisdiction to consider a second or successive petition. United States v. Holt, 417 F.3d 1172, 1175 (11th Cir. 2005) (citing Farris v. United States, 333 F.3d 1211, 1216 (11th Cir. 2003)); Allen v. United States, 2012 U.S. Dist. LEXIS 73734 (S.D. Ala. Apr. 6, 2012).

Notwithstanding the title of Smith's current motion, he is once again attempting to collaterally attack his sentence under § 2255.[2] As a result, this Court lacks jurisdiction to address

---

[2] The undersigned declines to construe Smith's motion as a petition under 28 U.S.C. § 2241 because he has failed to show that § 2255 is "inadequate or ineffective." See Turner v. Warden, Coleman FCI, 709 F.3d 1328, 1333 (11th Cir. 2013). Notably, § 2255 is not inadequate or ineffective merely because the result of a § 2255 is unsuccessful or because the movant is precluded from filing a second or successive § 2255 motion. Wilson v. Warden, FCC

3

his motion absent permission from the Eleventh Circuit authorizing him to file a successive petition. See Holt, 417 F.3d at 1175; Fredriksen v. United States, 2013 U.S. Dist. LEXIS 127458 (S.D. Ala. Aug. 2, 2013). Smith does not allege, and the record does not establish, that he sought and obtained permission from the Eleventh Circuit before filing the instant successive petition; thus, this Court is required to dismiss his motion.

Accordingly, it is recommended that Petitioner Antonio Demond Smith's petition seeking habeas corpus relief pursuant to 28 U.S.C. § 2255 (doc. 243) be **DENIED**, and that judgment be entered in favor of the Respondent, the United States of America.

## CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings, the undersigned recommends that a certificate of appealability in this case be **DENIED**. 28 U.S.C. § 2255, Rule 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."). The habeas corpus statute makes clear that an applicant is entitled to appeal a district court's denial of his habeas corpus petition only where a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1).

---

Coleman, 581 F. App'x 750, 752 (11th Cir. 2014); Gilbert v. United States, 640 F.3d 1293, 1308 (11th Cir. 2011).

4

A certificate of appealability may be issued only where "the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).

Where a habeas petition is being denied, in part, on procedural grounds without reaching the merits of an underlying constitutional claim, "a COA should be issued [only] when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Slack v. McDaniel, 529 U.S. 473, 484, 120 S. Ct. 1595, 1604 146 L. Ed. 2d 542 (2000).  Where a habeas petition is being denied on the merits of an underlying constitutional claim, a certificate of appealability should be issued only when the petitioner demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  Id.  ("To obtain a COA under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that, under Barefoot [v. Estelle, 463 U.S. 880, 893, 103 S. Ct. 3383, 3394 77 L. Ed. 2d 1090 (1983)], includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to

5

deserve encouragement to proceed further.") (internal quotation marks omitted); accord Miller El v. Cockrell, 537 U.S. 322, 336, 123 S. Ct. 1029, 154 L. Ed. 2d 931 (2003).

Smith's petition does not warrant the issuance of a Certificate of Appealability. Because Smith did not seek permission from the Eleventh Circuit before filing his successive petition and jurisdiction is lacking as a result, reasonable jurists could not debate whether his petition should be resolved in a different manner or deserves to proceed further. It is thus recommended that any request for a Certificate of Appealability be denied.

## CONCLUSION

For the foregoing reasons, it is recommended that Petitioner's motion (doc. 243) be **DENIED** as a successive habeas petition, that this action be dismissed, and that judgment be entered in favor of Respondent, the United States of America, and against Petitioner, Antonio Demond Smith. The undersigned Magistrate Judge further opines that Smith is not entitled to the issuance of a certificate of appealability or the option to appeal *in forma pauperis*.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen

6

(14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. ALA. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this **5th** day of **June, 2018.**

                                              /s/ SONJA F. BIVINS
                                   **UNITED STATES MAGISTRATE JUDGE**