# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | |
| vs ) | CR. NO. 05-CR-00231-001-CG |
| ) | |
| ANTONIO DEMOND SMITH, ) | |
| ) | |
| Defendant ) | |

## ORDER

This action is before the Court on Defendant, Antonio Smith's ("Smith") Motion to Modify Sentence (Doc. 274) pursuant to 18 U.S.C. § 3582(c)(1)(B) and Section 403 of the First Step Act ("FSA") and the Government's response thereto (Doc. 284). After consideration of the relevant pleadings and for the reasons set forth herein below, Smith' Motion is **DENIED**.

## FACTUAL AND PROCEDURAL BACKGROUND

The factual record and procedural background of this action is undisputed and will not be repeated in this Order in full. However, pertinent to Smith's motion is the fact that he was indicated on a Six Count Indictment on July 28, 2005, charging him with two counts of conspiracy to commit a carjacking in violation of 18 U.S.C. § 371 (Counts One and Two), two substantive carjacking counts in violation of 18 U.S.C. § 2119 (Counts Three and Five), and two counts of using or carrying a firearm during and in relation to a crime of violence, to wit: the substantive carjacking charges in violation of 18 U.S.C. § 924(c) (Counts Four and Six).  (Doc. 1

at 1–6; PageID.1-6). The indictment stemmed from a series of events that all took place on May 11, 2004.  (*Id*.)  After a trial by jury, Smith was found guilty on all counts.  (Doc. 200 at 76; PageID.997).  On June 12, 2006, Smith was sentenced to 646 months in prison.  (Doc. 179 at 10; PageID.881). Part of Smith's total sentence was a consecutive twenty-five-year mandatory sentence for his second violation of 924(c) (Count Six).  (*Id*.)  On February 20, 2020, Smith filed the instant motion to reduce his sentence based on 18 U.S.C. § 3582(c)(1)(B) and Section 403 of the First Step Act.[1]  (Doc. 274).  The Government has filed a response in opposition (Doc. 284) and the matter is now ripe for adjudication.

## DISCUSSION

"Federal courts are forbidden, as a general matter, to modify a term of imprisonment once it has been imposed, but the rule of finality is subject to a few narrow exceptions." *Freeman v. United States*, 564 U.S. 522, 526 (2011).  One exception is that a district court may "modify an imposed term of imprisonment to the extent . . . expressly permitted by statute."  18 U.S.C. § 3582(c)(1)(B).

Smith asserts that his sentences for violating 18 U.S.C. § 924(c) should be modified pursuant to Section 403(a) of the FSA. (Doc. 274 at 1-2; PageID.1342-43). More specifically, Smith argues that based on the language of Section 403 of the FSA, his §924(c) sentences cannot stand because his § 924(c) convictions stemmed

---

[1] Of note, on December 13, 2019, Smith filed an unentitled handwritten letter (Doc. 258) to this Court which was construed as a motion for relief under the FSA and denied because the FSA did not retroactively apply to Smith's case (Doc. 259).  That Order was later vacated (Doc. 270) and the instant motion followed.

from one series of events. In support of his position, Smith points out that prior to the enactment of the FSA in 2018, judges disagreed as to the effect of § 924(c) and some courts noted that certain aspects of § 924(c) were ambiguous. (*Id.* at 3-6; PageID.1344-47). Smith then argues that in 2018, the United States Legislature "decided to make it absolutely clear how § 924(c) is to be applied by passing the First Step Act of 2018". (*Id.* at 6; PageID.1347). According to Smith, Section 403(a) of the FSA made a "clarifying amendment" to §924(c) which clarified that a "924(c) offense must occur after the prior 924(c) conviction has become final." (*Id.* at 6-7; PageID.1347-48). Perhaps anticipating an argument from the government, that Section 403 of the FSA is not retroactively applicable, Smith goes on to assert that because Section 403 is a clarification and not a change in the law, retroactivity need not be considered. (*Id.* at 7-8; PageID.1348-49). Finally, Smith points out that the Sixth and Seventh Circuits have applied Section 403 retroactively on cases on remand. (*Id.* at 8; PageID.1349). As a result, Smith contends that section 403 of the FSA should be applied to his sentence retroactively because to do otherwise "would cause unethical sentencing disparities between Defendants with identical charges but who were sentenced as little as one day apart." (*Id.* at 9; PageID.1350).

The Government asserts that Smith's motion should be denied because Section 403 of the FSA was not a "clarification" of § 924(c), but was a change in the law that is not retroactively applicable to Smith's sentence. (Doc. 284 at 7; PageID.1415).

Section 403 of the Act, titled "Clarification of Section 924(c) of Title 18, United States Code," states in full:

> (a) IN GENERAL. — Section 924(c)(1)(C) of title 18, United States Code, is amended, in the matter preceding clause (i), by striking "second or subsequent conviction under this subsection" and inserting "violation of this subsection that occurs after a prior conviction under this subsection has become final."
>
> (b) APPLICABILITY TO PENDING CASES. — This section, and the amendments made by this section, shall apply to any offense that was committed before the date of enactment of this Act, if a sentence for the offense has not been imposed as of such date of enactment.

§ 403, 132 Stat. at 5221–22. As pointed out by the Government, the Eleventh Circuit has previously determined that Section 403 is not retroactively applicable. (Doc. 284 at 7-8; PageID.1415-16). *See also Willing-ham v. United States*, 805 F. App'x 815, 817 (11th Cir. 2020). As a result, in order for Smith's motion to have potential merit, he must establish that Section 403 is not a change in the law, but a clarifying amendment.

The general rule is that when an amendment "clarifies prior law rather than changing it, no concerns about retroactive application arise and the amendment is applied to the present proceeding as an accurate restatement of prior law." (*United States v. Smith*, 967 F.3d 1196, 1211 (11th Cir. 2020) citing to *Piamba Cortes v. Am. Airlines, Inc.,* 177 F.3d 1272, 1283 (11th Cir. 1999); *see Fiore v. White*, 531 U.S. 225, 228, 121 S.Ct. 712, 148 L.Ed.2d 629 (2001) (stating that there was "no issue of retroactivity" when a state supreme court case "merely clarified" the state's law, because the clarification "was not new law"). Smith's contention that § 403 is a

clarification is without merit. Since the filing of Smith's motion, the Eleventh Circuit has considered this very argument and determined that "[t]here is no ambiguity in § 403(b). It plainly draws a line based on the Act's enactment date and provides that whether the amendments in § 403(a) apply to a case depends on which side of that line the imposition of the sentence falls." *Smith*, 967 F.3d at 1212. *See also United States v. Richardson*, 948 F.3d 733 (6th Cir. 2020). As a result, it is clear that Section 403 is not a clarification, but a change in law that is not applicable to Smith's case because he was sentenced in 2008, many years before the enactment of the FSA. Additionally, Smith's argument that courts have retroactively applied Section 403 to cases on remand for resentencing offers him no support because his case is not on remand for resentencing.[2]

## CONCLUSION

For the reasons stated herein above, Smith's motion for a reduction in sentence (Doc. 274) is **DENIED**.

**DONE** and **ORDERED** this 23rd day of December, 2020.

/s/ Callie V. S. Granade
SENIOR UNITED STATES DISTRICT JUDGE

---

[2] To the extent that Smith has raised any argument that his sentence was based on an erroneous interpretation of § 924(c), the Court finds that such an argument fails for the reasons set forth in the Government's response (Doc. 284).